Good morning, Your Honors, and may it please the Court. My name is J. Paul Janak. My firm is Aris Azzello and Janak, and I represent the appellate, Bruce Bierman. We have today before this panel, I think, an interesting and novel question that relates to the delayed discovery rule under California law. The issue is this. To invoke the discovery rule under California law, must a plaintiff establish actual knowledge or lack of actual knowledge through direct testimony, or can circumstantial evidence suffice to create a tribal issue of material fact as to whether or not the plaintiff had actual knowledge? Under the Nelson case, the Ninth Circuit decision in 1969, I think it's very clear that circumstantial evidence has to be established, because, yes, circumstantial evidence can suffice to demonstrate actual knowledge or lack of actual knowledge under the discovery rule. So that brings us to the question in this case, which is, did the district court err in concluding that in this case, the plaintiff had provided no evidence whatsoever that would permit Sonia Bierman to invoke the discovery rule? The district court concluded in its order and stated that the plaintiff provided no evidence showing that he can prove lack of knowledge for the period of time that his mother, Sonia Bierman, was the owner of the real property, the intellectual property in this case, which is the bookmark technology. My understanding is that in the papers that were submitted to the district court, your client's theory was that he didn't have to show Sonia Bierman's lack of knowledge because she was a shareholder, and the district court rejected that theory, and I don't hear, didn't see in your briefs that you were arguing that again. So the question, the concern I had was the lawyer at the hearing, the lawyer for Mr. Bierman, was that you, by the way? No, that was my assistant, Mr. Trijas. The lawyer made some arguments about and pointing to items in the record that would raise an inference that Sonia Bierman didn't have the knowledge, but was that something the district court had to consider since it wasn't in the papers? Can you address that issue? Because otherwise, that argument was really waived because not submitted to the district court. Yes, I'd be happy to address that, and the short answer to that is the Martinez case, which is also a Ninth Circuit case that is cited in our reply brief, and that stands for the proposition essentially that in a situation such as this, if the evidence is in the record, despite the fact that may not have been specifically argued in the brief, it is part of the record. It can be considered for purposes of the appeal. In that case, as a situation where the appellant in that case was argued that he waived the argument by never even making the argument an oral argument, here we're a little different. The information was in the record, things that are cited in page 30 through 33 of our opening brief were clearly in the record. They're clearly part of the record here today. Were they argued specifically in our briefs on the summary judgment motion? No. Were they raised at oral argument? Yes. And that should suffice for it to be part of the record and be considered on appeal. Well, was it an error, though? I mean, the district court could consider what was in the record, but was it an error for the district court not to consider it? Because we've also said consistently that the district court doesn't have to make up arguments or hunt for items in the record on a summary judgment motion. They have to be specifically argued to the district court, or I think cited is what it says in Rule 56. Well, certainly in the Martinez case would suggest that that would be error on the part of the court below, because in the Martinez case, again, it wasn't even, the arguments weren't even and the issues weren't even raised in oral argument, and yet the Ninth Circuit on appeal found that it was in the record, it should have been considered by the district court, and that should have sufficed to deny summary judgment in that case. Again, I think we have a stronger situation here, because not only was it in the record, but it was also argued at the time of oral argument. So what we have in this case is a fairly unusual set of circumstances, I think you would agree. Yes, we do, Your Honor, which is why I said from the outset, I think it's, you know, it's an interesting and novel case in the sense that you have an owner of property, of intellectual property. And it may be somewhat clever operator. I'm referring to my client, Mr. Berman, Your Honor. Well, the real issue in this case, setting aside all of the background static that the defendants like to raise at the summary judgment motion, I mean, the real issue pertains to Mrs. Sonia Berman's knowledge and what is the quantum of evidence that is required at the summary judgment stage in order for the plaintiff to be allowed to go forward with his case. Certainly there is in the record, and certainly it was presented at oral argument, a circumstantial evidence upon which the plaintiff relies to raise a triable issue of material fact as to Sonia Berman's actual knowledge and whether or not she should have known. That evidence is set forth in pages 30 through 33 of our opening brief, and cites to the record are contained therein. But it's essentially five different things. The first is that Sonia Berman never told her son, Mr. Bruce Berman, that she had any knowledge or any suspicion that IBM was misappropriating the bookmark technology. That's important because of the working relationship and the family relationship that existed between Sonia Berman and her son, Bruce Berman. First of all, Bruce was her son. Second of all, she spoke to him on a daily basis. Third of all, she entrusted Bruce Berman to operate the company and to protect her interests in the company. So it certainly stands to reason, or at least for purposes of summary judgment disposal, an inference could certainly be drawn that if, in fact, she knew that IBM was engaged in wrongdoing, it's something that she would have mentioned to her son under those circumstances. The second fact is that Mrs. Berman was the steward of the company in Telesoft. She was not the operator. Her son, Bruce Berman, was the operator. And in her role as the steward of the company, she had very little knowledge of the actual technology. In fact, her knowledge, her state of knowledge was such that she would not know if IBM was violating her intellectual property rights. She did not have enough knowledge of how the technology worked to make that determination. The third circumstantial evidence is the fact that Mr. Berman, who again was the operator of the company and who had knowledge of the bookmark technology, he himself had no knowledge or no suspicion either that IBM was engaged in misappropriation of the trade secret information and the bookmark technology. The inference being if somebody like Mr. Berman, who's the actual operator of the company, the hands-on person at the company, didn't know, how could we ever expect somebody who is essentially the absentee owner and shareholder of the company to know? The fourth thing is that, again, as I previously mentioned, had Sonia Berman known, inference can certainly be drawn that she would have said something to her son, again, based upon the family and the business relationship that they had. And fifth, if in fact Sonia Berman had known that there was a misappropriation being engaged in by IBM, she was duty-bound at the time that she resold the assets to her son in 1994 to make that disclosure to her son as to her state of knowledge and any suspicions that she had. So where you have a case like this, where you have a person whose state of knowledge is at issue in the case and that person is not available because they are deceased or otherwise can't be brought before the court, such that that person cannot provide direct testimony evidence of their state of mind, then the trier of fact has to be permitted to rely upon circumstantial evidence and to consider that circumstantial evidence in order to make a determination as to the state of mind of that person. To deny the trier of fact that opportunity is essentially to create a presumption such that when the person is not available to testify, either because they are deceased or beyond the court's jurisdiction or for whatever other reason can't be brought before the court, the presumption would be that that person actually knew. And that — So this argument before the court, assuming that we could fault the district court for not mentioning it, basically just says that the fact that his mom never came to him with any question regarding IBM suggests that she did not have any knowledge regarding IBM's possible infringement. So then you also talk about the sale agreement, which I don't know that you addressed now and that the opposing counsel says is hearsay. So the question would be, is that enough to create a genuine issue of material fact about Sonya Bierman's knowledge, her silence during that period? She never came to him with any question. Isn't that what we would have to say that the district court erred, assuming that this argument was appropriately before it, the district court erred in not deeming that to create a genuine issue of material fact. Is that correct? That is correct, although I would submit that it's more than just those two facts. It's the five things that I recited just a few minutes ago. But I'm looking at what was before the district court. In terms of that, the oral argument? The argument that you were making before the district court. That my associate was making. Yes, but I'm not trying to distance myself from that by any means. Those would be the two things that were raised at oral argument. And on the asset purchase agreement, the opposing counsel says that statement, one is hearsay and two doesn't really address the issue. Right. Well, two things on that. First of all, the asset purchase agreement, we have to understand, was a document that was submitted by IBM in support of its motion for summary judgment. And you can't take a document and use it as a sword and a shield. It can't be good for you such that you're using it. And then when the other side tries to use it, you can't raise your hand and say, oh, now it's hearsay because, you know, there has to be. Doesn't that depend on the use, though? I mean, they're just saying you're introducing this to rely on the truth of the representation. Right. Well. Which is different than the use they're making of it. Well, okay. So the other reasons why it would not be hearsay, this asset purchase agreement, is, first of all, it is being used strictly to demonstrate the state of knowledge of Mrs. Bierman. It's not being used to prove the truth or falsity of that particular statement in there. I don't understand the distinction. I know you said that in the briefs. But if her state of knowledge is, I don't know of any claims that we might have, I guess is what you're trying to interpret that to mean. I don't know of any claims that we might have with respect to this property. If that's her state of mind, you're saying that she believed that. I mean, that's the ultimate issue, right, whether she knew of any claims that the property that might be able to be brought. Okay. I do see your point. But I still think she's not. There's more to it in that particular sentence than just claims that might be brought. To the extent that she's relying upon or that we are relying upon that entire sentence to show her state of knowledge, again, I think we're not relying upon it to prove the truth of that particular statement. So she may have lied when she said, I don't know of any claims that we could bring, which wouldn't help you, right? So if you're saying you're not relying on the truth of that statement, then if in fact it was the case that she lied when she said, I don't know of any claims we could bring, that would be okay with you. Is that what you're saying? I'm not saying that. I don't see how we cannot say that we're looking at the statement for its truth. Well, then let's take a different route, because also there is Federal Evidence Code section 803.15, which states that a document which provides an exception to the hearsay rule for a document that affects an interest in property. And that's what we have here in terms of that asset purchase agreement. So even if Your Honor rejects my previous two arguments as to why it's not hearsay, I think it's very clear under 803 subsection 15 that this is a document that is a hearsay exception under that rule. Do you want to save the rest of your time? Yes, I would like to do that. Thank you. Good morning, Your Honors. Peter Stone for IBM. The district court, Judge Phyllis Hamilton, was correct in granting summary judgment to IBM on the statute of limitations. The trade secrets at issue in this case were created, I think today it would have been 27 years ago. They were allegedly misappropriated more than 17 years before the lawsuit was ever filed. Facially, it's clear and not contested that the claims were time-barred. Judge Hamilton was presented with a SELA text, Motion for Summary Judgment, that said that Biermann, attempting to invoke the discovery rule, had the burden of proving a lack of knowledge of each of the owners of the property. The trade secrets were transferred six times in the 1980s and 90s between four different owners and in advance of three different bankruptcies. So there were a number of owners whose knowledge would matter for purposes of invoking the discovery rule. Our motion, of course, focused on Sonia Biermann and Bruce Biermann. The judge had it exactly right in saying that on the papers in front of her, as a trial judge, there was no evidence of Sonia Biermann's lack of knowledge. As Chief Judge Aikuda pointed out, the argument below was simply they didn't have to prove that. At the very end of oral argument, which I made for IBM, the opposing counsel, the last two paragraphs of the entire transcript of what he said in the main, raised the notion that, well, maybe there was circumstantial evidence. Why isn't that enough? The argument identified, made the argument, identified specific documents in the record. It was before the district court. Why doesn't that suffice, to put that argument before the district court, as to whether that creates a genuine issue of material fact? So there's Ninth Circuit authority on that point. We think that that should control. Let me answer the question three ways. One is I'll tell you about what I think the law says. One is we'll talk a little bit about policy. First, I'd just start, I think, by saying, well, what if that happened to the Ninth Circuit? It's pretty clear that someone can't come into this court and make an argument brand new out of the box at oral argument. And I don't know why the standard would be any different for a district judge. It would cause the Ninth Circuit circuit judges the same problems it would cause a district judge, now talking about policy a bit, in that they basically are in a situation where they've completely prepared and the parties are prepared for issues as placed in front of them, and now at the last minute someone's going in a different direction, causing them to scramble around in the papers. So opposing counsel relies on Martinez and says that's controlling. Right, which it's not. The Martinez case is distinguishable readily. That was a case involving successive summary judgment motions. The evidence that ultimately led Judge Wardlaw to reverse was in the first summary judgment. It was in the opposition. It was in an opposing declaration. And simply the district court didn't consider it on a successive summary judgment. That's different than raising a brand new issue in one single summary judgment at the very last moment. Doing that is much more like the LVRC case, for example, where a case brought under the Computer Fraud and Abuse Act that the Ninth Circuit considered, Judge Ikuda considered, and an argument was made here in this court, well, there's evidence in the record. If you look back, there was a report that would indicate that perhaps Mr. Brekka was the person who had abused the computers of his former employer. And the court said you can't bring that up now. You can't expect a district court to parse through the records. There are other cases, like the Ford Motor Company case, where an argument was made for the first time, an oral argument. It's unclear, but probably in the Ninth Circuit. And the court said that's not sufficient. That has to be in the papers. In fact, there's a case where it says it not only has to be in the papers, it has to be cited to page line. We're not making our lives for the district judges difficult. But even if that evidence were to come in, I think Judge Hamilton's ruling that there's no evidence is right. That evidence is not evidence of anything. Circumstantial evidence, and we concede that if you had a large quantum of circumstantial evidence, that could satisfy the discovery rule, an appropriate quantum, which we think is specific and substantial circumstantial evidence. But here you have the same evidence you have in every single discovery rule case involving the person trying to invoke the discovery rule. They're inaction. Mrs. Bierman did not say anything. Every party seeking to invoke the discovery rule, by definition, did not take some action. If they had, you'd be under a different analysis. Was their action enough? So it's circular to say, well, she didn't do anything, so we can infer that she didn't know. That would destroy the discovery rule. It's also not reasonable to infer from the notion that I did not tell someone something, that I did not know that fact. There are many reasons that might lead me not to tell someone something. In this case, think of the things the jury would be called upon to speculate about. Did she know? Did she care? Did she think her son cared? Did they have a contract with IBM that she knew about? Did she understand the technology? What facts were it that she was not telling? And I think it's important to understand the standard here. The standard is not that Sonia Bierman would have to know all of the facts that would create an accrual of her cause of action. She would simply have to know a fact sufficient to put a reasonable person on inquiry. A Wall Street Journal article, for example, or a New York Times article. It's not that she has to know, and a proposing counsel, I think, misspoke when he said she'd have to know that there was wrongdoing by IBM. That's not at all what she'd have to know. She'd have to know that there was enough that she should do an investigation as to whether someone had harmed her. So it's a much lower standard. It wasn't mentioned in the beginning, but we also believe that there's separate grounds for affirmance based on Bruce Bierman's knowledge and presumptive knowledge. There's a fair amount of briefing across 50 pages or so of appellate briefs as to what is the law in California. I frankly am somewhat surprised by that, the notion that at this late date it isn't understood, that it's not only actual but also subjective knowledge that would count, presumptive knowledge, that the law will not permit someone to act like an ostrich and ignore the world around them and then claim they did not know. The Fox case in the California Supreme Court uses both the words should have known and presumptive knowledge. The most recent Ninth Circuit case that we've cited, the Sanchez case, is a case where Mrs. Sanchez claimed that it was wrong for her to be charged by an airline, a Mexican tax for travel to Mexico. It was printed on her ticket. She said, like Mr. Bierman says, well, I just didn't read that. And the court says, well, you should have known. It was enough for you to have known. So applying that standard to the facts that we have about Mr. Bierman himself, we know that he claims to have been an expert in auto resume technology. So right there, he's not a consumer who was injured by a drug and is just like anybody else in the world not familiar with the world of drugs. This is someone who supposedly is an expert. He has in his possession an article, claims he didn't read it, that says flat out other PC manufacturers are making do with this feature called auto resume. It allows you to shut off the computer, turn it back on, it puts you right back where you were. That would put any reasonable person on notice. His claim that he didn't read it is like the claim of Mrs. Sanchez that she didn't read the ticket. And then we have IBM's actions. What does IBM do? IBM goes out and gets a dozen patents on this technology. IBM engages, there's worldwide publicity about it. Wall Street Journal, New York Times, Byte Magazine, Computer Magazine, some of the same magazines Mr. Bierman's advertising his product in, and they sell it everywhere across the country. So how does Mr. Bierman say he should not have known? This case we submit is just like the Stutz case in the Central District, understandably a district court case, so not binding on this court, involving Reebok and the pump. We explained it at length in our brief, but in general, the pump was known. People knew about the pump tennis shoes, and for someone to sue and say we didn't know about it years later when it was in stores and trade shows and on the news, it just wasn't credible. The person should have known. So if there aren't any other questions, to conclude, we don't think the evidence was properly raised. We don't think it proves anything. It wasn't admissible. I couldn't explain any better than some of the questions, I think, what our view is of that. And we also think Mr. Bierman should have known. Thank you, Your Honors. I have three brief points that I'd like to conclude with, Your Honors. First of all, with specific reference to the claim for misappropriation of trade secrets under California law, the controlling statute, which is California Civil Code section 3426.6, which is noted in footnote 3 on page 9 of the court's order, that statute says that an action for misappropriation must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered. That is a disjunctive standard. It's in one or the other. So to the extent that the court determines today that, in fact, direct testimonial evidence by Mrs. Bierman would be necessary in order to establish her lack of actual knowledge, that would only disqualify the statute of limitations for that particular claim, the misappropriation of trade secret, as to one prong. We would still have the second prong, which is whether or not Mrs. Sonia Bierman should have, by the exercise of reasonable diligence, have discovered it. The same circumstantial evidence that I proffered to the court earlier today that's in our brief would go to the issue of whether or not Sonia Bierman should have known of the wrongdoing by IBM. And so, particularly under this particular claim, the trade secret misappropriation claim, she should still be allowed to go forward on that claim, notwithstanding what the court decides as to the issue of actual knowledge. The second point I wanted to raise is that I heard counsel concede that circumstantial evidence does suffice, provided that it's of the right quantum. And the argument by the defendants is that the circumstantial evidence that we've pointed to in the record and that was raised at oral argument is not of a sufficient quantum. But that's not something for the district court judge to decide. That type of weighing of circumstantial evidence is something that is reserved for the trier of fact. And in this case — If that's as a matter of law, you can conclude. That is correct. And I don't believe you conclude as a matter of law based on the circumstantial evidence presented in this case. And more importantly, Judge Hamilton did not say in her order that we did not provide enough circumstantial evidence. She said we provided no evidence. And that is clearly erroneous based on the record. And the last thing that I would like to say is that the argument made by defense counsel as to the state of knowledge of Mr. Bierman and what he should have known based upon newspaper articles, things of that nature in the trade, those are classic arguments in terms of what somebody should have known that are always, almost always reserved for the trier of fact and are not disposed of in a summary judgment proceeding. So for all of those reasons, I'd respectfully request that this panel reverse the district court's order and remand this matter for further proceedings before Judge Hamilton. Thank you very much. All right. This case is submitted, and the Court for this session stands adjourned.
judges: Black, Farris, Ikuta